[Civ. No. 5257. First Appellate District, Division Two.—October 23, 1925.]

RAMER O. KENDALL, Appellant, v. SCHUYLER U. BUNNELL, Respondent.

[1] DESERT LANDS—ACTION TO ESTABLISH TRUST—EVIDENCE—PLEADING.—In this action wherein plaintiff sought a decree declaring that certain lands to which defendant had obtained title under a patent issued pursuant to the provisions of the Desert Land Act of 1877, as amended in 1891 and 1908, were held in trust for plaintiff, the trial court did not err in denying plaintiff leave to amend his complaint where he was but offering to plead his evidence and apparently irrelevant and disconnected matters instead of ultimate facts.

[2] ID.—JUDGMENT—APPEAL—RETRIAL—LAW OF CASE.—Where on the retrial of said case, after reversal on appeal of a judgment thereon in favor of plaintiff, nothing that developed in legal effect tended to modify the judgment of the appellate court, said judgment constituted the law of the case.

(1) 31 Cyc., p. 370, n. 16.   (2) 4 C. J., p. 1093, n. 77, p. 1095, n. 78.

APPEAL from a judgment of the Superior Court of Imperial County. Franklin J. Cole, Judge.

The facts are stated in the opinion of the court.

Phil. D. Swing and J. S. Larew for Appellant.

Haines & Haines for Respondent.

STURTEVANT, J.—On March 3, 1877, an act was approved entitled "An Act to Provide for the Sale of Desert Lands in Certain States and Territories." (19 Stats. 377 [U. S. Comp. Stats., sec. 4674 et seq.].)   On March 3, 1891, that act was amended. (26 Stats. 1096 [U. S. Comp. Stats., sec. 4677 et seq.].)   On March 28, 1908, the statute was further amended. (35 U. S. Stats. at Large, 52 [U. S. Comp. Stats., secs. 4681–4683].)   Under the latter statute, section 1 (U. S. Comp. Stats., sec. 4861), it was provided that from

2. See 2 Cal. Jur. 1042; 2 R. C. L. 234.

March 28, 1908, the right to make entry under the provisions of the act of 1877 and 1891 should be restricted to surveyed public lands of the character contemplated by said acts and no such entries of unsurveyed lands should be allowed or made of record provided, "That any individual qualified to make entry of desert lands under said acts who has, prior to survey, taken possession of a tract of unsurveyed desert land not exceeding in area 320 acres in compact form, and has reclaimed or has in good faith commenced the work of reclaiming the same, shall have the preference right to make entry of such tract under said acts, in conformity with the public land surveys, within ninety days after the filing of the approved plat of survey in the district land office."

Of the lands in controversy a survey was made in 1856. That survey was so defective that a resurvey was authorized by an act approved July 1, 1902. The resurvey was made and a copy was filed in the land office at Los Angeles on February 23, 1909. Such proceedings were had that an application was made by Bunnell for a tract consisting of 320 acres. His application was accepted; it was approved by the commissioner of the general land office; from that approval an appeal was taken to the secretary of the interior and that officer, through one of his assistants, rendered an opinion favorable to Bunnell and in accordance with that opinion a patent was issued to the applicant. Kendall, claiming to be possessed of a better title, commenced this action to obtain a judgment that Bunnell holds the legal title in trust for him. A trial was had in the superior court and a judgment was ordered in behalf of Kendall. Bunnell took an appeal and the judgment was reversed. (*Kendall* v. *Bunnell,* 56 Cal. App. 112 [205 Pac. 78].) An application was made to the supreme court to have the cause heard in that court after judgment in the district court of appeal, but the application was denied. After the *remittitur* went down a second trial was had. During those proceedings Kendall offered an amendment to his complaint; the offer was refused and an exception was duly noted. A little testimony was offered and thereupon counsel stipulated that the bill of exceptions prepared on the first appeal should be adopted as a part of the record. Thereafter judgment was rendered in favor of the defendant and from that judgment the plain-

tiff has appealed under section 953a of the Code of Civil Procedure.

[1] In pleading his statutory right, among other things, the plaintiff alleged: "That on March 4, 1908, plaintiff set 4x4 redwood posts at each of the corners of that part of said land above described which is claimed by the said defendant as hereinafter set forth, upon which posts were plain and conspicuous notices that he, the plaintff, intended to reclaim said land; and said notices remained so posted for more than one year thereafter; that in the month of April or May, 1908, plaintiff commenced the work of reclamation of the said land now claimed by the defendant herein, and did thereon reclamation work of the value of eighty-five ($85) dollars; which work consisted of clearing and rough leveling, and the construction of borders in the east side of said tract of land; that between the 1st day of March, 1909, and the 21st day of said month, plaintiff caused twenty-one (21) days work with a two-horse team and Fresno scraper to be done on said land in clearing and rough leveling the same which said work was of the value of one hundred five ($105) dollars." The offered amendment was to insert immediately following $105, "that in the month of August, 1908, plaintiff assisted in organizing and incorporating a company known as the High Land Construction Company for the purpose of bringing water to said land and other land, and expended for such purpose the sum of $25 in cash; the plaintiff was secretary of said company and devoted, as nearly as he can estimate, one month of his time to the work of said company for the purpose aforesaid." Comparing the amendment with the statute it will be noted at once that the plaintiff was but offering to plead his evidence and apparently irrelevant and disconnected matters instead of ultimate facts. The trial court did not err in refusing to allow the amendment.

[2] The plaintiff took the stand and gave testimony. Among other things he testified regarding the incorporation of the High Land Construction Company and of and concerning his activities in aiding in the incorporation of that company; that he paid out $25 in that behalf; that he devoted thirty days of work in that connection; but he did not testify that the High Land Construction Company or

any other company as the lawful successor thereof ever put a drop of water on the lands in question, or ever constructed any ditches or waterworks. On cross-examination the witness stated that he gave testimony before the register and receiver of the United States land office on the hearing of Bunnell's application to make his desert-land entry. He further testified that on that hearing he gave certain testimony which was in substance the same as the testimony which we have quoted as having been given on the second trial. The defendant gave testimony to the effect that no company other than Imperial Water Company No. 2 ever constructed ditches to the land for the irrigation thereof or applied any water to the land. There is not a particle of evidence in the record that the plaintiff and his associates ever organized any other water company than the High Land Company, or that the Imperial Company is in any sense the successor in law of the High Land Company. Under the record before us the judgment in *Kendall* v. *Bunnell, supra,* constitutes the law of the case. Nothing that developed on the second trial in legal effect tends to modify that judgment.

The judgment appealed from is affirmed.

Langdon, P. J., and Nourse, J., concurred.